UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
Plaintiff,

vs. Case No.: 3:25cv1855/MCR/ZCB

CAMDEN BARNUM, et al.,
Defendants.
_______________________________________/

**ORDER**

On August 6, 2026, the Court ordered Defendant Camden Barnum to pay $3,190.20 in attorney's fees as a sanction under Rule 11. (Doc. 62). Defendant Barnum now has moved to stay payment of the ordered fees. (Doc. 64). Plaintiff has responded in opposition to Defendant Barnum's motion. (Doc. 66).

Defendant Barnum argues that this Court should stay payment of the fee award because Defendant is challenging subject matter jurisdiction on appeal. (*Id.* at 9). According to Defendant Barnum, if the Eleventh Circuit were to find that this Court "lacks subject matter jurisdiction," then "the fee award would be void or subject to reversal." (*Id.* at 9, 14). That argument lacks merit. Both the Eleventh Circuit and

the Supreme Court have recognized that Rule 11 sanctions "are a collateral issue and thus a court may decide a Rule 11 sanctions motion even if it lacks jurisdiction over the underlying case." *Hyde v. Irish*, 962 F.3d 1306, 1309 (11th Cir. 2020); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 132, 139 (1992) (holding that a district court may impose sanctions "in a case in which the district court is later determined to be without subject-matter jurisdiction").

Defendant Barnum also urges the Court to exercise its discretion to issue a stay because paying the sanctions order would cause irreparable harm. The Court disagrees. "A stay is not a matter of right" and is instead "an exercise of judicial discretion." *Nken v. Holder*, 556 U.S. 418, 433 (2009). The propriety of a stay "is dependent upon the circumstances of the particular case." *Id.* The party requesting a stay "bears the burden of showing that the circumstances justify" such relief. *Id.* at 433-34. When deciding if a stay is appropriate, a court should consider the following factors: (1) whether the movant has made a strong showing of likelihood of success on the merits; (2) whether the movant will suffer irreparable harm absent a stay; (3) whether issuance of stay will

substantially injure the other parties to the proceeding, and (4) the public interest. *Id.* at 434.

Here, Defendant Barnum has not met his burden of showing entitlement to a stay. The Court does not believe Defendant Barnum has made a strong showing of a likelihood of success on the merits. Plaintiff has come forward with no persuasive arguments as to why the district judge erred. Similarly, Defendant Barnum has not shown irreparable harm. "[A]n injury is 'irreparable' only if it cannot be undone through monetary remedies . . . . Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990). Here, the Court has imposed a monetary fee award under Rule 11. Defendant Barnum has not shown that paying the fee award now will cause irreparable harm, especially considering that any money paid could be returned later if somehow the fee award were found invalid by the appellate court.

Looking to the third factor, the absence of a stay would be unlikely to harm Plaintiff. Thus, this factor would favor a stay. The fourth factor,

however, counsels against granting a stay. Looking to that factor, the public interest would not be served by a stay. Rule 11 sanctions serve the public interest by deterring the presentation of frivolous arguments. Permitting Defendant Barnum to delay the payment of a sanction for the frivolous arguments he made in this case would be inconsistent with the public interest.

Because three of the four stay factors counsel against granting a stay in this case, Defendant Barnum has not met his burden of showing that a stay is warranted. Accordingly, the Court **DENIES** the motion to stay the payment of attorney's fees (Doc. 64).

**SO ORDERED** this 2nd day of November 2026.

/s/ Zachary C. Bolitho
Zachary C. Bolitho
United States Magistrate Judge